This was a civil action to recover damages for personal injuries sustained by the plaintiff at the Granville Street crossing in the town of Dunn. At this crossing there are two main tracks designated as the eastern and western tracks. The eastern track is used by northbound trains and the western track by southbound trains. The injury occurred on 13 March, 1931, at about 3:30 p.m. The narrative given by the plaintiff is substantially as follows: "On 13 March, 1931, I was to *Page 276 
carry my sister to the Coast Line Depot, and when I got ready to go there was a freight train coming up from the south going north. I waited until that train went about twenty-five or thirty feet, cleared the crossing, and when it did that I made a dive to go across Granville Street crossing and eighty-nine express knocked the truck out there on the other crossing, on the other track, on the west track, and since that time I have not been able to do any work at all. I was operating a Ford truck. I was under the wheel myself. My truck was standing there at the crossing. The freight train was a quarter of a mile in length and was traveling on the east track nearest to me. I could not see up the track to the north on account of that freight train, and I did not see or hear any other train at all, except the freight. I looked all I could and listened in the north direction before going on the track as the freight train cleared. . . . The train which struck me was going south on the west track. The train which struck me did not sound any whistle or ring any bell, or give any other warning that it was approaching this crossing. If it did I never heard it. . . . The front part of the engine that they call the cow-catcher, struck the front part of the truck, and the truck had proceeded on the track about seven or eight inches. . . . I stopped at the crossing and waited for the freight train to pass, and I made a dive to get across and was struck by the passenger train. The freight train completely obstructed my view to the north, and I could not see anything at all north of that train, and until the southbound train struck me I could not see any train at all until it was right there on me. When I came from behind the freight train up on the crossing the southbound train was right on me and struck me just like that (snapping fingers). . . . I glimpsed the train as it was coming fifteen or twenty feet from me and from what I saw I estimated it was going fifty or sixty miles an hour. . . . I had lived there near the crossing for years prior to this time. . . . I knew that the tracks of the railroad were in constant use by trains going north and south. I had crossed it every day. . . . I could have seen up the railroad track in the direction from which the southbound train was coming up as far as Tilghman's mill about three-quarters of a mile away. If there had been no freight train I could have seen three-quarters of a mile up the road."
The ordinance of the town prescribing a speed limit of fifteen miles an hour was introduced in evidence.
At the conclusion of plaintiff's evidence judgment for nonsuit was entered, and the plaintiff appealed.
The ruling of the trial judge upon the evidence appearing in the record is sustained upon the authority of Harrison v. R. R., 194 N.C. 656,140 S.E. 598, and Eller v. R. R., 200 N.C. 527, 157 S.E. 800. The defendant was guilty of no negligence because of the fact that a freight train in the due dispatch of business and in a proper manner was moving along the northbound track. The careful movement of trains over a railroad track does not constitute an obstruction contemplated by law upon facts similar to those appearing in the record.
Affirmed.